LIMBAUGH *v.* THE WESTERN OHIO RAILROAD CO.

*Parties — Jurisdiction over actual wrongdoer — Appearance and substitution — Charge to jury — Special requests included in general charge.*

1. When the actual wrongdoer, who is not served or made a party defendant in an action, has been substituted for another mistakenly sued, and, after such substitution, appears by counsel and contests the merits, it cannot afterwards question the jurisdiction of the court over it.

2. It is not prejudicial error to refuse special requests before argument, when the substance thereof has been. fully embodied in other requests given before argument, at the instance of the same party.

(No. 14990 — Decided February 29, 1916.)

ERROR to the Court of Appeals of Allen county.

The Western Ohio *Railroad* Company, as lessee, was, at the time of the injury to M. J. Limbaugh, operating its cars over an interurban railroad belonging to The Western Ohio *Railway* Company. Suit was filed against The Western Ohio Railway Company and service made on that defendant. After the issues were joined the case came on for trial in that situation, the defendant railway company being represented by the firms of Wheeler & Bentley and Goeke, Anderson & Musser as its attorneys. During the progress of the trial it developed that the negligent acts, if any, were committed by The Western Ohio *Railroad* Company, the operating corporation, and not by the defendant served. The plaintiff called one F. D. Carpenter as a witness, who testified that he was president

of the railway company, the lessor, and was also general manager and vice president of the lessee railroad company, and that the two firms of counsel appearing for the defendant sued were also attorneys for the railroad company. On the development of these facts, and just before resting the case, the plaintiff moved the court for leave to amend the petition by substituting the name of The Western Ohio Railroad Company in place of The Western Ohio Railway Company. This motion was sustained by the court, and the record discloses that counsel excepted on behalf of the defendant, but for which particular defendant it does not appear.

Immediately after such substitution counsel for the defendant asked the court to "direct the jury to return a verdict in its favor of no cause of action." This request was refused. Thereupon evidence was offered by the defendant in support of the defensive issues tendered. The defendant also requested special instructions, which were given to the jury before argument.

A verdict and judgment were rendered against the substituted defendant in the sum of $548. The court of appeals reversed this judgment for the reason that the trial court "erred in substituting plaintiff in error as defendant below."

*Messrs. Halfhill, Quail & Kirk,* for plaintiff in error.

*Messrs. Wheeler & Bentley* and *Messrs. Goeke, Anderson & Boesel,* for defendant in error.

JONES, J. Jurisdiction over the substituted defendant could be obtained by its voluntary appearance in the action. Such appearance was entered when its counsel appeared and contested the merits of the action after the substitution had taken place. The record discloses that, before substitution, the vice president and general manager of the substituted company was in court and testified that the law firms defending the railway company also represented the substituted defendant, the firm of Goeke, Anderson & Musser representing it generally and Wheeler & Bentley representing it locally at Lima. It also developed that if a tortious act had been committed, it had been committed by the operating company, the defendant substituted by the court. After the order of substitution by the court the original defendant railway company had, in effect, been dismissed, and the case thereafter proceeded with the railroad company ostensibly contesting the case upon its merits. Since the case proceeded under the original pleadings, with the same firms of counsel appearing for and defending the substituted defendant, the presumption is conclusive, under the facts developed, that such firms not only entered the voluntary appearance of the substituted defendant, but had authority so to do. Furthermore, the corporation actually operating and causing the alleged negligent act was the substituted company, a fact which, if not known when the issues were joined, was known at the time the substitution was made, and under our statute of *jeofail,* Section 11363, General Code, the

court had full power to amend by substitution, where no abuse of discretion has been shown, if jurisdiction were acquired.

This principle is supported by the case of *Boehmke* v. *The Northern Ohio Traction Co.,* 88 Ohio St., 156. In the present case, had the railroad company obtained a judgment in its favor on the merits, it would no doubt have availed itself of such favorable result, and in such event it would prob- ably claim not only the fruits of victory but that it also consented to jurisdiction over it after sub- stitution by entering the case defensively upon its merits. If the attorneys in the case had no au- thority to represent the substituted company, the latter company of course would not be bound, but every fact and presumption disclosed by this record support the conclusion that counsel had full authority to represent both companies in this action. Ordinarily an objection to the jurisdiction of the person should be taken at the earliest op- portunity of the party. (*Long* v. *Newhouse et al.,* 57 Ohio St., 348.) In the present case that oppor- tunity arose when the new defendant was made a party, at which time it became incumbent upon it to stand upon the question of jurisdiction over its person. Had its counsel then definitely withdrawn from the cause, after the overruling of their motion at the close of the plaintiff's evidence, or had they later confined their defense solely to the question of jurisdiction over the substituted company in order to supplement the record for review upon that question, a judgment against the substituted de-

fendant would have been erroneous for the reason that neither service nor appearance had been obtained. However, with full knowledge that the substituted defendant was the real party against whom the wrongful act was claimed, its counsel accepted the situation, remained in the case and contested the issues of negligence, and it cannot now be claimed under such circumstances that there was no voluntary appearance to the action.

Although it appears from the journal entry that the court of appeals reversed the trial court because of the substitution referred to, defendant in error claims that the reversal should be sustained because of other errors committed on the trial, notably the refusal to give special instructions asked before argument. The defendant requested ten special instructions, six of which were given and four refused. Two of the requests refused were pertinent and unobjectionable. These referred to the *quantum* of care that should have been exercised by the plaintiff in approaching the railroad crossing. However, this degree of care and the details of plaintiff's approach were fully embodied in the other special instructions that were given by the court to the jury before argument at the instance of the defendant and which were substantially similar to the requests refused. The defendant's counsel had simply gowned the subject in a little different form. There was, therefore, no prejudicial error committed by the court in refusing the two requests which had been substantially given.

The judgment of the court of appeals is reversed and that of the common pleas affirmed.

*Judgment reversed.*

NICHOLS, C. J., JOHNSON, DONAHUE, WANA-MAKER, NEWMAN and MATTHIAS, JJ., concur.