FELGEMAKER v. OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, et al., two cases.

Civ. A. Nos. 20628, 20632.

District Court, N. D. Ohio, E. D.

Nov. 10, 1942.

John J. Hynes and Joseph F. Hynes, both of Cleveland, Ohio, for plaintiffs.

John H. McNeal and Harley J. McNeal, both of Cleveland, Ohio, for defendants.

WILKIN, District Judge.

These cases came on for hearing on the motions of the Inter Insurance Exchange of the Chicago Motor Club to quash the purported service of summons.

Both cases originated in the common pleas court of Cuyahoga County upon the petitions of the respective plaintiffs, seeking damages for injuries suffered as the result of a collision between the automobile in which the plaintiffs were traveling and the automobile being driven by the defendant Vernita Mason. Messrs. John H. McNeal and Harley J. McNeal, as attorneys for the defendant Vernita Mason, filed petitions for removal on the ground of nonresidence of the defendant. The cases were removed to this court and on October 21, 1941 were consolidated and tried to jury, the defendant being represented by McNeal and McNeal. A verdict was returned for the plaintiff in each case and judgments were entered thereon. Thirty days having elapsed and the judgments being unpaid, the plaintiff in each case filed an amended and supplemental complaint in accordance with Section 9510-4 of the General Code of Ohio, and alleged that the defendant Inter Insurance Exchange of the Chicago Motor Club had issued a policy of insurance indemnifying the defendant Vernita Mason against liability for such judgments and that said policy was in full force and effect. The plaintiffs requested this court to cause service of summons to be made on the Inter Insurance Exchange in Chicago, and the motions now being considered were filed against the service made in conformity with such request. The plaintiffs oppose the motions to quash and seek to defend the service of summons beyond the Northern District of Ohio by virtue of Section 9510-4 of the General Code of Ohio and Rule 4(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "Whenever a statute of the United States or an order of court provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, service shall be made under the circumstances and in the manner prescribed by the statute, rule, or order."

As pointed out by the defendant Inter Insurance Exchange, however, that rule should not be construed to extend or limit the jurisdiction of the district court of the United States or the venue of actions therein. Rule 82, Rules of Civil Procedure. The jurisdiction of district courts is fixed by Judicial Code Sections 51 and 52, Title 28 U.S.C.A. §§ 112 and 113.

(Sec. 51) " * * * and, except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; * * *".

(Sec. 52) "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, * * *".

It seems therefore that this court is without authority to issue process beyond the limits of this judicial district in order to give effect to the provisions of Section 9510-4 of the General Code of Ohio. The motions to quash will therefore be sustained, and the costs of service taxed against the plaintiffs.

As a consequence of the sustaining of the motions to quash, this court would be without jurisdiction to proceed and the amended and supplemental complaints would have to be dismissed unless the defendant, the Inter Insurance Exchange, has entered its appearance in the cases. It is affirmed by the plaintiffs and is not denied by the defendant Inter Insurance Exchange that it retained the counsel who represented the defendant Vernita Mason. It seems to be conceded that McNeal & McNeal, while having the cases removed to this court and while defending at the trial, were acting only ostensibly for Vernita Mason and were in fact protecting the interests of the Inter Insurance Exchange; that such defendant was obligated to pay for their services and that they were obligated to report to the Inter Insurance Exchange. The direction and control of the defendant's participation in the litigation was assumed by the Inter Insurance Exchange. The defendant Vernita Mason had no counsel or

attorneys other than those selected by the defendant Inter Insurance Exchange.

■ It seems to this court in view of those facts and the present state of the law of Ohio that the defendant Inter Insurance Exchange must be held to have entered its appearance. This case falls within the legal doctrine established by Boehmke v. Northern Ohio Traction Co., 88 Ohio St. 156, 102 N.E. 700, Limbaugh v. Western Ohio R. Co., 94 Ohio St. 12, 113 N.E. 687, Jewett v. Fenton Dry Cleaning & Dyeing Co., 30 Ohio Dec. 124, Reinhart v. Great American Mutual Indemnity Co. et al., 25 Ohio N.P.,N.S., 331. All these cases are based on the sound moral and legal principle that one having an interest in the outcome of a lawsuit who authorizes attorneys to appear, even though under the name of some other defendant, will be held to the responsibility of a party. As was said in the Boehmke case [88 Ohio St. 156, 102 N.E. 701]: "Counsels' mistake was in thinking their client could enjoy the privilege of defending a lawsuit and dodge the responsibility that goes with it."

And as was said in the Limbaugh case, supra [94 Ohio St. 12, 113 N.E. 688]: "If the attorneys in the case had no authority to represent the substituted company, the latter company of course would not be bound, but every fact and presumption disclosed by this record support the conclusion that counsel had full authority to represent both companies in this action." (Both defendants in this action.)

In the Boehmke case and in the Limbaugh case the company held responsible was a wrongdoer, whereas in this case the company held responsible is an insurer of the wrongdoer. But the important consideration in both instances is that the company held accountable for the defense had an interest in the defense and had sent its attorneys in as ostensible representatives of another defendant while in fact protecting the interest of the undisclosed company. The case of Jewett v. Fenton Dry Cleaning & Dyeing Co., supra, extends the doctrine specifically to an indemnity company which assumes the defense of its insured. As was remarked by Judge Darby in that case:

"If it is the law of this state that an insurer can conduct itself as has been done in this case and escape from the effect of its own action in resisting payment of the judgment, some other court will have to decide it.

"While it is not a case which bears directly upon the case at bar, Bochmke v. Northern O. T. Co. * * * is an illuminating case upon the proposition that where one goes into court and assumes the defense of the case of another party, he may be held to answer for the judgment of the court."

And as was said by Judge Marx in the Reinhart case, supra: "The defense of a law suit carries with it definite responsibilities and when the defendant insurance company assumed the defense of the law suit brought by Reinhart, it also assumed the responsibilities imposed by an adverse verdict and judgment. Parties are not permitted to conduct litigation in courts of justice in the manner that experiments are conducted in a laboratory in order to see if the result will be favorable or unfavorable. Innumerable decisions hold that by assuming to defend a policy holder without reservation in litigation of this character, an insurance company waives any defense which it may have as against the policy holder", etc.

This doctrine seems well supported by federal authority.

"A plaintiff in attachment who indemnifies the attaching officer, and afterwards takes upon himself the defence when that officer is sued, is concluded by the judgment against that officer where such plaintiff is afterwards sued for the same trespass." Lovejoy v. Murray, 70 U.S. 1, 3 Wall. 1, 18 L.Ed. 129.

Mr. Justice Miller, in the opinion, says: "The facts on which this proposition is based are the giving of the bond of indemnity by the defendants, and that Hayden, when sued, notified them of the suit, and called on them to defend it; that they did employ counsel to defend it, and that the counsel so employed had exclusive control of the defense of said suit."

The same principle was accepted and applied in the case of Robbins v. City of Chicago, 71 U.S. 657, 4 Wall. 657, 18 L.Ed. 427, and in Eagle Mfg. Co. v. Miller, C.C., 41 F. 351, 357 et al.

■ The case of Bidwell v. Toledo Consol. St. R. Co., C.C., 72 F. 10, while it recognizes the principle announced in Lovejoy v. Murray, supra, declines to make a company a party defendant who by counsel has conducted the defense. Judge Ricks dis-

tinguishes that case from the earlier Supreme Court and District Court cases cited above, and this court distinguishes the case at bar from Bidwell v. Toledo, etc., supra. In that case the leave to file an amended complaint naming a new defendant was denied. Here the amended or supplemental complaint is filed by virtue of statute,[1] and the question is whether service of summons is necessary. This court feels that the enactment of Section 9510-4, G.C. of Ohio, and the decisions by the Ohio courts, supra, require a departure from Judge Ricks' ruling. The conclusion reached herein, moreover, is more in harmony with the basic principle announced in Lovejoy v. Murray, supra. If a company is held to be bound by a judgment because of participation in the trial, surely it is implied that the court considered the company a party.

The statute says a supplemental petition may be filed in the original case and the insurer made "new party defendant in said action", and then authorizes service of summons. But of course new party means some one who has not been participating in the case. There is no need to issue summons for a party already appearing in the case by counsel. The Inter Insurance Exchange knew of the Ohio law before sending its attorneys into the case.

Indemnity insurance companies have been permitted to assume the defense of their insured and all mention of their interest in the case has been excluded for the reason that the action by the injured against the insured should be determined by the legal rights and responsibilities of those parties without regard to the insurance contract. It is only the ultimate legal liability of the insured which the indemnity company agrees to pay, and it has a right to have that liability determined without regard to the fact of insurance.

But that principle of law does not preclude courts from looking to the real interests in the litigation. The right is inherent in courts to be informed fully as to the interests involved in any litigation and the parties whom the attorneys represent.

If an indemnity insurance company wishes to escape the responsibility of a defendant, it can do so by allowing its insured to select his own attorneys and direct and pay them himself and only indemnify the insured for his expense. But an indemnity insurance company cannot in good conscience assume the defense of its insured and escape the responsibility attending such assumption, and a court will look beyond the ostensible representation in order to determine the real parties in interest.

The Inter Insurance Exchange, having thus entered appearance in the original action against Vernita Mason, must be required to answer the amended and supplemental complaint, even without the service of summons.

---

[1] United States courts are bound by the Rules of Civil Procedure (Rule 1) and are therefore not obliged to follow state procedure. They should, however, give effect to state rules of practice if not inconsistent with federal rules (Rule 15(d), Rules of Civil Procedure) especially when such practice serves the ends of established federal law.