WILLIAMS, APPELLEE, *v.* CITY OF AVON, APPELLEE; CONCERNED CITIZENS OF AVON, INC., ET AL., APPELLANTS.

(No. 2458—Decided January 26, 1977.)

*Mr. William J. Brown,* attorney general, and *Mr. Robert L. Brubaker,* for appellee Ned E. Williams.
*Mr. John F. Mackin,* for appellee city of Avon.
*Mr. Milt Schulman,* for appellants.

VICTOR, P. J. This appeal arises from a judgment of the Lorain County Court of Common Pleas denying the intervention of appellants, the Concerned Citizens of Avon, Inc., et al., as intervenors in an action to compel the city of Avon to comply with water pollution abatement orders.

The Ohio Water Pollution Control Board found that the city of Avon lacked proper sewage collection and treatment facilities. That board issued three separate sets of findings and orders in an effort to bring the city into compliance with the sewage treatment requirements of R. C. 6111.01 *et seq.*

The electorate of the city subsequently rejected two waste water treatment proposals on June 29, 1969, and November 5, 1974.

On December 24, 1975, the state, pursuant to R. C. 6111.07 and 6111.09 and on behalf of the Director of Environmental Protection, instituted the present action to enjoin the city of Avon from violating the Ohio Water Pollution Control Board's orders and to seek $30,000 in "civil penalties."

In two separate motions, appellants, residents and taxpayers of the city of Avon, sought to intervene in the state's action. The court subsequently overruled both motions. From that judgment, they appeal and claim that the trial court erred in applying Civ. R. 24(A).

Civ. R. 24(A) sets forth two bases for intervention as of right:

"* * * (1) [W]hen a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

R. C. 733.581, which allows intervention "if the court believes that the public interest will be better protected or justice will be furthered," does not, as appellants contend, "confer an unconditional right to intervene." Interven-

tion, pursuant to this statute, is not a matter of right, but is within the discretion of the trial court. *Cincinnati v. Cincinnati District Council 51* (1973), 35 Ohio St. 2d 197.

In their motion to intervene, appellants allege:

"That the Law Director of the City of Avon has acted in opposition and derogation of the Intervening Defendants' rights and interests in the transaction involved in the Complaint and is continuing to do so in processing the defense for the City of Avon."

Nothing in the record, by affidavit or otherwise, indicates that appellants have an interest in this action, the protection of which would be impaired or impeded if they are not permitted to intervene, as is required by Civ. R. 24(A). The appellants could and should have presented such evidence, if it indeed exists, by affidavits and depositions. An oral hearing is not necessary to present their case. *Forthofer v. City of Avon*, Court of Appeals for Lorain County No. 2375, unreported, decided March 24, 1976.

Even if the appellants possess such an interest, we find that it is adequately represented by existing parties. The appellants are citizens of the city of Avon, the defendant in this action, and are represented by the elected officials of that city. The law director of Avon, who is an experienced legal counsel, has proceeded in good faith and with due diligence in defending the state's action. The appellants provide no substantiation of their contention that the law director and elected officials are "actively working against the interests of all the residents of the city of Avon." Appellants cannot use this action to address the internal political problems of the city of Avon. See, *Youngstown Education Assn. v. Bd. of Education* (1973), 36 Ohio App. 2d 35.

The assignment of error is, accordingly, rejected.

*Judgment affirmed.*

MAHONEY and BRENNEMAN, JJ., concur.