**CITY OF BRUNSWICK, Appellant,**

v.

**BRUNSWICK HILLS TOWNSHIP BOARD OF TRUSTEES, Appellee.**

[Cite as *Brunswick v. Brunswick Hills Twp. Bd.*
*of Trustees* (1992), 81 Ohio App.3d 252.]

Court of Appeals of Ohio,
Medina County.

No. 2020.

Decided Jan. 15, 1992.

*Stephen M. O'Bryan* and *Robert A. Brindza;* and *Timothy T. Reid,* for appellant.

*John B. Albers*, for appellee.

---

REECE, Judge.

Appellant, the city of Brunswick, challenges a final entry of the Medina County Court of Common Pleas, dated May 13, 1991, establishing the Western Reserve Water District to serve petitioner-appellee, Brunswick Hills Township. R.C. Chapter 6119. The township filed its formal petition to initiate these proceedings on March 18, 1991. A final hearing was scheduled by the court for May 10, 1991. Legal notice was published once a week for four consecutive weeks commencing March 27, 1991 in the Akron Beacon Journal. A "Plan for Provision of Services for the District" ("plan") was prepared by Bischoff & Associates, Inc. on behalf of the township. On May 6, 1991, the document was filed with the court.

Four days later the final hearing was commenced. At that hearing, counsel for the city announced that:

" * * * [A]lthough the City doesn't have a formal objection to present at this time, I would like to advise the Court that the plan was not actually filed with the Court until May 6th, of this year, which means that we, in effect, have had four days to determine whether there would be any objection filed.

"I just want to make it clear to the Court that we would like to have a little time to consider the plan and file any objections, if we do wish to do that.

"I just wanted the Court to understand that the advertisement that was done, and the filing of the plan and the map that is outlined on the blackboard were not, in fact, available until four days ago.

"So, if the Court is going to take this under advisement, we would like a few extra days in order to formally respond, if we wish to object."

The township's attorney replied that the plan had been submitted earlier than required by the statute, the city had sufficient prior notice of the final hearing, and, in any event, the city had no standing to challenge the formation of the district. Evidence was then presented by the township to support the petition.

In an order entered May 13, 1991, the trial judge denied the city's request for a continuance on the grounds that it had no standing to enter the proceedings. The township's petition was granted and this appeal ensued. Three assignments of error have been set forth by the city, all addressing the same general issue. We will analyze them jointly to facilitate discussion.

### Assignments of Error

"I. The Court of Common Pleas erred in approving Appellee's Petition for the creation of the Western Reserve Water District when a plan of operation and map of the proposed district were not on file and available for inspection by interested and affected persons and political subdivisions for the full statutory notice period.

"II. The Court of Common Pleas erred in finding that Appellant, City of Brunswick, was not within an area affected by the organization of the Western Reserve Water District or by the plan for the operation of the Western Reserve Water District.

"III. The Court of Common Pleas erred in determining that Appellant, City of Brunswick, lacked standing to object to the formation of the Western Reserve Water District."

R.C. Chapter 6119 provides a procedure whereby regional water and sewer districts may be established by local governments. R.C. 6119.01. The process is initiated when one or more municipal corporations, counties, or townships submit a petition to the proper clerk of courts stating, among other things, a "general description of the territory to be included in the district." R.C. 6119.02(E). The petitioning party may request either a "preliminary" or "final" hearing. In either case, such is to be held within sixty days of the date of scheduling. Notice must be published weekly "for four consecutive weeks in a newspaper having a general circulation in each of the counties, in whole or in part, within the district." R.C. 6119.04.

If a preliminary hearing is conducted, the court must determine whether the district is "probably necessary" and "conducive to the public health, safety, convenience, or welfare." Upon a favorable finding, a preliminary order is issued "declaring the district to be organized" and directing "the district to file a plan" for its operation. The final hearing must then be held within sixty days. R.C. 6119.04(A).

Qualified third-parties may intervene in the proceedings as a matter of right.

" * * * Any person or any political subdivision residing or lying within an area affected by the organization of the district, on or before the date set for the cause to be heard, may file an objection to the granting of the requests made in the prayer of the petition." R.C. 6119.04.

R.C. 6119.04(C) then provides that:

"Upon final hearing, whether or not a preliminary hearing is requested in the petition, if it appears that the proposed district is necessary, that it and the plan for the operation of the district is [*sic*] conducive to the public health,

safety, convenience, and welfare and that the plan for the operation of the district is economical, feasible, fair, and reasonable, the court, after disposing of all objections as justice and equity require, shall by its findings, entered of record, declare the district finally and completely organized and to be, or to be empowered to continue as, a political subdivision. * * * ″

■ The trial judge found "from the evidence that the [city] does not lie within an area affected by the organization of the district and has no standing to object." The city concedes on appeal that none of its territory was to be included within the water district. The city nevertheless advances the argument that "the area affected by the organization of the district" also encompasses neighboring regions upon which the proceedings will have an indirect impact.

We need not specifically decide this issue, since the city presented *no* evidence that it was "affected"—in *any* sense of the term—by the proposed formation of the water district. It is fundamental that a potential party seeking to intervene [1] in an action bears the burden of proving an interest therein. *Williams v. Avon* (1977), 52 Ohio App.2d 210, 212, 6 O.O.3d 204, 205, 369 N.E.2d 486, 487; *Hamler v. Marshall* (1986), 34 Ohio App.3d 306, 307–308, 518 N.E.2d 575, 575–577. A brief review of the township's petition (which was filed fifty-three days prior to the final hearing) would have revealed that the city's territory was not to be directly involved in the water district. The city had no right to expect that it could simply appear on the day of the hearing and demand a delay of the proceedings without first presenting even a modicum of evidence that it would be "indirectly affected" by the township's proposal.

The city's primary complaint in the trial court, and now on appeal, is that the township did not file the plan until four days prior to the hearing. No attempt is made to explain how this fact precluded an initial demonstration of an interest in the proceedings. Even without the plan, the city could have determined from the petition that it was not directly involved with the formation of the water district.[2] The necessity of presenting at least some evidence on the issue of standing was therefore apparent. Any delay in the

---

1. The record confirms that the city failed to comply with the formal requirements for intervention, Civ.R. 24, before demanding the continuance. Since this issue was not addressed by either the trial court or the township, we will not consider its ramifications.

2. In compliance with R.C. 6119.02(E), the petition specified that the "territory of [the Water] District shall be comprised of the unincorporated portions of Brunswick Hills Township." Although the plan contained a more detailed description, the petition was sufficient by itself to alert the city that it was not to be included therein.

submission of the plan would not relieve the city of its preliminary burden of establishing its right to intervene.

More important, the township's filing of the plan was in complete compliance with R.C. Chapter 6119. When the petitioning party opts to bypass the preliminary hearing (as the township did), there is no requirement that a plan be submitted for examination by any interested person prior to the final hearing. Such is necessary only when the more formal procedure is selected and a preliminary hearing is held. R.C. 6119.04(A).

Citing various rules of construction, the city invites this court to "correct" the plain language of the statute to provide an opportunity for review of the plan before the final hearing. No suggestion is made that R.C. Chapter 6119 is somehow ambiguous in this regard. The city simply maintains that the statute is both inconsonant and unfair.

 Such arguments are more appropriately addressed to the General Assembly. "Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand." *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746, citing *Hough v. Dayton Mfg. Co.* (1902), 66 Ohio St. 427, 64 N.E. 521. Courts may not judicially rewrite legislation under the guise of "statutory construction." *State ex rel. Myers v. Chiaramonte* (1976), 46 Ohio St.2d 230, 238, 75 O.O.2d 283, 287, 348 N.E.2d 323, 328. Regardless of the policy implications, plain and unambiguous language may not be ignored. *Bd. of Edn. v. Fulton Cty. Budget Comm.* (1975), 41 Ohio St.2d 147, 156, 70 O.O.2d 300, 305, 324 N.E.2d 566, 571; *Guear v. Stechschulte* (1928), 119 Ohio St. 1, 7, 162 N.E. 46, 48. Whatever its intentions, the General Assembly has *not* required submission of the plan for inspection prior to the final hearing under the expedited district-approval process. R.C. 6119.04. This court has no authority to impose such an obligation.

Nor do we find that the city was denied its basic right to due process. Both the United States and Ohio Constitutions guarantee reasonably sufficient notice and an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873; *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 124–125, 28 OBR 216, 221–222, 502 N.E.2d 599, 604–605. The record attests that in accordance with the dictates of R.C. 6119.04, a copy of the petition was duly supplied to the Ohio Environmental Protection Agency and an announcement was published for four consecutive weeks. More important, the city's attorney appeared at the final hearing, without reservation, thereby waiving any objections to lack of notice. See *Limbaugh v. Western Ohio RR. Co.* (1916), 94 Ohio St. 12, 113 N.E. 687.

During arguments, the township expressly challenged the city's right to intervene. No direct response was offered. The city did not suggest that it was somehow precluded from explaining its interest at that time. Indeed, we can discern no reason why the belated rationales advanced by the city on appeal could not have been presented to the trial court in timely fashion.[3] The city's failure to take advantage of its opportunity to be heard is the fault of neither the township nor the trial court.

The city posits that an independent right to intervene is codified within R.C. 6119.04(B), which states:

"The court may upon good cause shown at any time before the granting of a final order:

"(1) Grant a right to any municipal corporation or county acting in behalf of a sewer district within such county to become a party to such proceeding if such intervening party requests to have some part or all of its territory included within the district;

"(2) Grant in part or in toto an intervening petition of a municipal corporation or a county acting in behalf of a sewer district within such county, which is not wholly included within territory described in the petition, to have some part or all of its territory included within the district;

"(3) Grant a request filed by any party to the petition or intervening party to modify any request set forth in the petition, including:

"(a) A reduction in the territory to be included within the district;

"(b) Addition to or deletion of a purpose or purposes of the proposed district as set forth in the petition so long as the purposes that remain are those included within section 6119.01 of the Revised Code;

"(c) The manner of selection, the number, the term, and the compensation of the members of the board of trustees; provided that after the filing of any intervening petition or request to modify, the court has fixed a time and place for a hearing thereof, such hearing to be held not less than sixty days after the filing thereof and the clerk of the court of the common pleas has given notice as required in this section."

The first two subsections are obviously inapplicable as no request was made by the city to have its territory "included within the district." The city made

---

**3.** The city maintains that it was indirectly "affected" by the proceedings because (1) its territory adjoined the proposed district, (2) it owns land within the district, (3) several proposed water lines would run parallel to and under the same streets as city and Medina County lines, (4) it presently services the township, (5) prior court decisions will be superseded, and (6) it might "request to have some part or all of its territory included within the district."

clear at the final hearing that its purpose for demanding the continuance was to possibly "object" to the proceedings—not join them. The third subsection is also inapposite, since the city is neither a "party to the petition" nor an "intervening party." As previously explained, the trial court was not obliged to find that the city fell within this latter category because no evidence was presented that it was located "within the area affected" by the proposed district. R.C. 6119.04(A).

The trial court correctly determined that the city had failed to prove its right to intervene in the proceedings. As a result, the city had no authority to either offer objections or request a delay.

■ The city further insists, notwithstanding its lack of standing, that the trial court's judgment is void because, contrary to the requirements of R.C. 6119.04, the township supposedly bypassed the clerk's office when ordering publication and neglected to utilize a newspaper of "general circulation" in Medina County. Neither of these contentions is established by the record.[4] The city argues, moreover, that the township failed to include the plan within the announcement that was published. By the plain terms of R.C. 6119.04, the only notice required is of the "hearing"—not the intimate details of the proposal itself.

Finally, the city contends that R.C. Chapter 6119 precludes a single political subdivision from establishing its own water district. In no sense does the clear statutory language support this argument. To the contrary, the opening provision of the chapter declares:

"*Any area* situated in *any unincorporated part* of one or more contiguous counties or in one or more municipal corporations, or both, may be organized as a regional water and sewer district * * *." (Emphasis added.) R.C. 6119.01.

It is further provided in R.C. 6119.02 that:

" * * * Such petition shall be signed by one or more municipal corporations or one or more counties or by *one or more townships*, or by any combination of them, after having been authorized by the legislative authority of the subdivision. * * * " (Emphasis added.)

---

4. The city directs our attention to various affidavits of its attorneys submitted in an effort to stay the trial court's final order pending appeal. It is axiomatic that error cannot be predicated upon such evidence which was not properly before the trial court at the time the final judgment was rendered. Our review is limited, pursuant to App.R. 12(A), strictly to the record as it existed at that time. See *State v. Booher* (1988), 54 Ohio App.3d 1, 15, 560 N.E.2d 786, 800; *State v. Spencer* (May 22, 1991), Lorain App. No. 90CA004890, unreported, at 2, 1991 WL 87096.

Consequently, we can detect no basis for finding the trial court's judgment void.

The city's three assignments of error are overruled. The judgment of the court of common pleas is affirmed in all respects.

*Judgment affirmed.*

QUILLIN, P.J., concurs.

BAIRD, J., concurs separately.

BAIRD, Judge, concurring.

In oral argument, as well as in its brief submitted to this court, the city has maintained that it presently is supplying water to part of the proposed district. While this factor could, in my opinion, be crucial to the outcome of this case, it apparently was not presented to the trial court in any kind of way, and the record presently before this court seems to indicate that it is simply not true. Accordingly, I agree with the resolution by the majority of the standing issue, and I concur in the affirmance.