This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Steven J. O'Neal appeals from his conviction in the Summit County Court of Common Pleas for felonious assault with an accompanying firearm specification. This Court affirms.
On February 12, 1998, O'Neal was indicted by the Summit County Grand Jury for one count of attempted aggravated murder, a violation of R.C. 2903.01(B) and 2923.02, and one count of felonious assault, a violation of R.C. 2903.11(A)(2). Both counts contained separate firearm specifications under R.C. 2941.145. O'Neal initially pleaded not guilty to the charges.
However, on July 9, 1998, O'Neal changed his plea. Following amendment of the indictment so that the felonious assault count would be reduced from a felony of the first degree to a felony of the second degree, O'Neal pleaded guilty to the felonious assault charge. The attempted aggravated murder count was dismissed. The trial court delayed sentencing and ordered a presentence investigation report.
Following a July 24, 1998 sentencing hearing, the trial court journalized an entry on July 28, 1998, sentencing O'Neal to a mandatory sentence of three years for possession of the firearm and to a definite term of six years for felonious assault. The trial court also ordered that the firearm sentence be served prior to and consecutive to the felonious assault sentence, and that both terms be served consecutive to a federal sentence that had been imposed on O'Neal.
O'Neal timely appeals, asserting three assignments of error.[1]
Assignment of Error No. I
 THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH [CRIM.R.] 11 IN ACCEPTING THE APPELLANT'S PLEA.
In his first assignment of error, O'Neal argues that his plea should be vacated and that the case be reversed because the trial court failed to comply with the requirements of Crim.R. 11(C)(2)(b). Specifically, O'Neal complains that the trial court failed to indicate that it could proceed directly to sentencing upon receipt of his plea. The state of Ohio concedes that the trial court did not inform O'Neal that it could proceed directly to sentencing, but argues that the trial court was only required to act in substantial compliance with Crim.R. 11(C)(2)(b) and that the court's error, therefore, does not warrant reversal.
Crim.R. 11(C)(2) provides:
 In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
* * *
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
A review of the transcript reveals that the trial court did in fact neglect to inform O'Neal that it could proceed directly to sentencing. However, as the state correctly contends, such error fails to rise to the level of judicial error mandating reversal. The Eighth District has correctly explained that, while scrupulous adherence to Crim.R. 11 was once required, the Supreme Court of Ohio "now requires substantial compliance with the rule which is based upon a review of the totality of the circumstances to determine that no prejudice has resulted to the defendant." State v. Flint (1986), 36 Ohio App.3d 4, 9. Therefore, the trial court was only required to substantially comply with the mandates of Crim.R. 11. Further, O'Neal has failed to demonstrate any resulting prejudice. The record indicates that, while the trial court did not inform O'Neal that it could proceed directly to sentencing at the July 9, 1998 hearing, the court also did not proceed to sentencing that day. Rather, the trial court delayed sentencing until July 24, 1998. O'Neal does not explain, and this Court does not perceive, where prejudice exists under these circumstances. The first assignment of error is not well taken.
Assignment of Error No. II
 THE TRIAL COURT ERRED IN IMPOSING A SENTENCE WHICH VIOLATED THE STATUTORY SENTENCING GUIDELINES.
In regard to his second assignment of error, O'Neal argues that the trial court erred in sentencing him to a definite term of six years, because there was not "sufficient evidence in the record relative to the sentencing guidelines under R.C. 2929.12 to warrant the conclusion that such a serious sentence should be imposed." This Court disagrees.
R.C. 2929.14(A)(2) provides that, "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." In determining what sentence to impose, a trial court is bound by the dictates of R.C. 2929.12(A), which provides:
 [A] court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
In the course of following the dictates of R.C. 2929.12(A), the following exchange took place at the July 24, 1998 sentencing hearing:
 THE COURT: Mr. O'Neal, anything you want to say before sentence is pronounced against you?
 THE DEFENDANT: I would just like to apologize for my actions, sir.
 THE COURT: Of course, apology to me doesn't help. In the bright light of day, you know, while we're here in the courtroom, everybody is pleasant and polite and not on the streets to be shot at with a shotgun. A little lower and you could have killed that officer. Do you understand that?
THE DEFENDANT: Yes, sir.
Contrary to O'Neal's argument, the trial court clearly evinced an understanding of the critical facts underlying the felonious assault charge and firearm specification: that O'Neal had fired a shotgun at and came close to killing a law enforcement officer. Such basic facts were present in the indictment with which O'Neal was charged. Further, the July 24, 1998 transcript of proceedings indicates that the trial court had before it a presentence investigation report, which has not been forwarded on appeal. Such information contributed to the trial court's understanding of the circumstances surrounding O'Neal's sentencing. See State v. Koons (1984), 14 Ohio App.3d 289, 291 ("Since the presentence report is mandated by rule in felony cases, it must be necessarily concluded that its content is before the trial court and utilized by it in imposing sentence."). Given the obvious gravity of the facts surrounding O'Neal's conviction and the material before the trial court, it must necessarily be concluded that the court possessed sufficient information to apply the R.C. 2929.12
sentencing factors and to impose sentence accordingly.
O'Neal also argues, however, that "[a]t no point in the record is there the most remote of references to any sentencing factor." While R.C. 2929.12(A) requires that a trial court consider the sentencing factors, it does not mandate an explicit recitation of the court's application of the facts to those factors. The Supreme Court of Ohio has held that "`[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.'" State v. Cyrus (1992),63 Ohio St.3d 164, 166, quoting State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus. As such, "[t]he burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria." Id. Accordingly, because the record contains the essential facts underlying O'Neal's conviction, and because O'Neal has failed to present any evidence whatsoever that the trial court failed to consider the sentencing factors, this Court finds the second assignment of error to be without merit.
Assignment of Error No. III
 THE APPELLANT'S CONVICTION SHOULD BE SET ASIDE BASED UPON THE INEFFECTIVENESS OF HIS COUNSEL.
In his last assignment of error, O'Neal presents this Court with a claim of ineffective assistance of trial counsel based on counsel's alleged failure to raise the defense of double jeopardy. In support of this contention, O'Neal argues that counsel failed to assert that the imposition of punishment for his state conviction after a federal sentence had been imposed upon him would constitute multiple punishments in violation of the protection against double jeopardy. However, the only mention of a federal sentence in the record was at the July 24, 1998 sentencing hearing, when O'Neal's trial counsel recognized that O'Neal had already received a federal sentence for bank robbery and sought leniency in sentencing in the instant case. The trial court recognized the federal sentence, explicitly tailoring its sentence so that the state and federal sentences would run consecutively. Nothing more is to be found in the record concerning the federal conviction. Appellate review is limited to the record in the trial court as it existed at the time final judgment was rendered. Brunswick v. Brunswick Hills Twp. Bd. of Trustees (1992), 81 Ohio App.3d 252, 258, fn. 4. See, also, Woodman v. Tubbs Jones (1995), 103 Ohio App.3d 577, 580 ("A court cannot take judicial notice of court proceedings in another case."). As such, given the contents of the trial court record, there is no basis upon which this Court can evaluate in the instant appeal whether O'Neal's trial counsel's representation constituted ineffective assistance of counsel.[2] The third assignment of error is overruled.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
SLABY, P.J.
WHITMORE, J.
CONCUR
[1] On the same day on which his brief was filed by counsel, O'Neal also filed a pro se "APPELLANT'S SUPPLEMENT BRIEF FOR THE APPEAL FROM JUDGMENT ENTERED IN THE SUMMIT COUNTY COURT OF COMMON PLEAS." Although filed approximately one hour prior to the brief submitted by his counsel, O'Neal's brief was designated a supplemental brief and shall be treated as such by this Court. Accordingly, because the Ohio Rules of Appellate Procedure do not provide for the filing of multiple briefs by an appellant, and because this Court has not granted O'Neal leave to file a supplemental brief, the brief is stricken. See App.R. 16(C). This Court notes that O'Neal suffers no prejudice as a result of this action, as the arguments contained in his counsel's brief encompass those arguments presented in his pro se brief.
[2] Although O'Neal moved to supplement the record with material from his federal case, such material was not before the trial court, and this Court denied his motion to supplement. O'Neal nonetheless submitted material from the federal case as an attachment to his pro se supplemental brief, which has been stricken. See fn. 1, supra.