OPINION
{¶ 1} Movants-appellants consist of Linda Howard and 78 other residents of Union Township, Miami County, who sought to intervene in this administrative appeal from a denial of a conditional use permit for which plaintiff-appellee Thomas Wagner applied. The movants-appellants, collectively referred to herein as Howard, opposed the granting of the conditional use permit, and sought to intervene in the administrative appeal, in the Miami County Common Pleas Court, to protect their interests. Howard appeals from the denial of her motion to intervene. She contends that the trial court erred by denying her motion before the time provided for submission of the motion pursuant to Local Rule 3.03 of the Miami County Court of Common Pleas, General Division.
 {¶ 2} We agree with Howard. The order of the trial court denying the motion to intervene is Reversed, and this cause is Remanded for further proceedings, consistent with this opinion.
 I {¶ 3} Wagner, on behalf of Wagner Paving, Inc., and Milton Materials, applied to the Miami County Board of Zoning Appeals for a conditional use zoning permit to allow the "extraction of minerals, soil and gravel" upon property zoned for agricultural use. Howard and the other 78 movants, who opposed the application, retained counsel and participated in the administrative hearing process, presenting evidence in opposition.
 {¶ 4} The BZA denied the application, and Wagner and Milton Materials appealed to the Miami County Common Pleas Court. Howard and the other residents opposing the application moved to intervene in the administrative appeal in the trial court. They filed their motion to intervene, with a supporting memorandum, on March 19, 2003. Wagner and Milton Materials filed a memorandum in opposition to the motion to intervene on April 1, 2003. On April 7, 2003, nineteen days after the motion to intervene was filed, without any reply memorandum having been filed, and without any hearing or request for a hearing, the trial court entered an order denying the motion to intervene.
 {¶ 5} Howard appeals from the order denying her motion to intervene.
 II {¶ 6} Howard's sole Assignment of Error is as follows:
 {¶ 7} "The Trial Court Committed An Abuse Of Discretion In Its Summary Denial Of Appellants' Motion To Intervene."
 {¶ 8} Howard recognizes that despite her motion to intervene having been based on a claim of right under Civ.R. 24(A)(2), it is clear from case law that trial courts are vested with substantial discretion in deciding a motion to intervene under the Rule. Peterson v. Pataskala
(1997), 122 Ohio App.3d 758; Williams v. Avon (1977), 52 Ohio App.2d 210. Wagner concurs with the proposition that a trial court is vested with substantial discretion in deciding a motion to intervene.
 {¶ 9} Howard contends that the trial court erred when it decided the motion to intervene prematurely, in violation of its Local Rule 3.03, thereby depriving Howard of the opportunity, under the Local Rule, either to file a reply brief in support of her motion, to request an oral hearing on the motion, or both to file a reply brief and to request an oral hearing.
 {¶ 10} Local Rule 3.03 of the Miami County Court of Common Pleas, General Division, provides as follows:
 {¶ 11} "All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon. The opposing counsel or party may file an answer brief or memoranda by the fourteenth day after the day on which the motion was filed. The moving party may file a reply brief by the twenty-first day following the day on which the original motion was filed. On the twenty-first calendar day after the original motion was filed, the motion shall be deemed submitted to the Judge to whom the case is assigned. Unless ordered by the court, oral arguments will not be allowed except upon leave of the Trial Judge upon written request by a party prior to submission and the time of hearing and length of such argument shall be fixed by said Judge. This rule shall apply to all motions except as otherwise provided herein. TheClerk is ordered not to accept for filing motions not in conformance withthis rule. This rule does not apply to pending divorce, legal separation or annulment cases."[1]
 {¶ 12} Pursuant to Local Rule 3.03, Howard had 21 days from the date of the filing of her motion to intervene, or until Wednesday, April 9, 2003, by which she could, under the Local Rule, file a reply brief in support of her motion to intervene, request an oral hearing on her motion, or both. Pursuant to the express terms of Local Rule 3.03, the motion would be deemed submitted for decision on the 21st day, which was Wednesday, April 9, 2003. But the trial court, contrary to the scheme of the Local Rule, decided the motion on Monday, April 7, 2003, adversely to Howard.
 {¶ 13} We agree with Howard that the action of the trial court in deciding the motion prematurely violated Local Rule 3.03, and was at least potentially prejudicial to Howard, since she could reasonably have assumed that she had until the close of business on April 9, 2003, by which to file a reply brief, request an oral hearing, or both. Parties may reasonably rely upon a trial court's following its local rules of court. Shore v. Chester (1974), 40 Ohio App.2d 412, 414.
 {¶ 14} In her appellate brief, Howard points to at least two arguments that she could have made to the trial court, in support of her motion to intervene, had she had the chance to do so. One of these arguments is that Wagner and Milton Materials had argued to the BZA that it was not entitled to ground its decision on considerations relating to property values or the general welfare, that the BZA had agreed with Wagner and Milton Materials on this point, and that Howard is prepared to argue the contrary proposition of law. Howard makes the point that the BZA cannot be expected to assert this proposition of law on Howard's behalf in the administrative appeal in the trial court, since the BZA has taken the contrary point of view.
 {¶ 15} Similarly, the other argument alluded to in Howard's original appellate brief that she could have made to the trial court, in support of her motion to intervene, had she had the chance, is that Howard argued to the BZA, at the administrative hearing, that rock-crushing, one of the activities planned by Wagner and Milton Materials, is not a conditional use in the zoning district covering the property, but that the BZA rejected Howard's position on this point. Again, the BZA, having rejected Howard's argument on this point at the administrative hearing, could not be expected to make the argument in the trial court. With respect to both of these matters, Howard would have argued to the trial court that the BZA could not be relied upon to advocate on behalf of Howard's interests in the administrative appeal.
 {¶ 16} Furthermore, in her reply brief in her appeal in this court, Howard points to another argument that she would have made to the trial court, in support of her motion to intervene, had she had the chance. This is an argument that the BZA, itself, acknowledges that the intervention would not unduly burden the proceedings, that the movants have a substantive interest in the outcome of the proceedings that differs from that of the BZA, and that the intervention might prove of benefit in the presentation of additional authority from the movants' perspective.
 {¶ 17} Because the trial court prematurely decided the motion to intervene, in violation of Local Rule 3.03, Howard was deprived of the opportunity to present these arguments, either in a reply brief, or at an oral hearing, or both. In view of the substantial discretion vested in trial courts when deciding a motion to intervene, we cannot say that these arguments would have fallen upon deaf ears; i.e., that the trial court's error in having prematurely decided the motion to intervene was harmless.
 {¶ 18} Howard's sole Assignment of Error is sustained.
 III {¶ 19} Howard's sole Assignment of Error having been sustained, the order of the trial court denying her motion to intervene is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN and WOLFF, JJ., concur.
[1] Local Rule 3.03, as quoted in this opinion, is quoted from Howard's brief in this appeal. Wagner and Milton Materials have not contested the accuracy of this quotation of the Local Rule.