WISWELL ET AL., APPELLANTS, *v.*
SHELBY MUTUAL INSURANCE CO.,
APPELLEES.

(No. OT-86-10—Decided
November 21, 1986.)

*William H. Bartle,* for appellants.
*John A. Coppeler,* for appellee.

*Per Curiam.* This is an appeal from the Ottawa County Court of Common Pleas. In the proceedings below, the trial court granted appellee Shelby Mutual Insurance Company's motion for summary judgment against appellants Glenn and Julia Wiswell, and denied the Wiswells' motion for summary judgment against Shelby. The Wiswells appeal from the trial court's judgment.

In August 1981, Julia Wiswell was injured in an automobile collision with Joanie Burbach. At that time, the Wiswells were insureds of Shelby. The Wiswells retained an attorney who filed a civil action on their behalf against Burbach. Thereafter, their attorney requested Shelby to pay $2,000 to them under the medical payments coverage of their insurance policy. Shelby paid this amount to the Wiswells. The record establishes that the $2,000 was subject to the contingency fee agreement entered into by the Wiswells and their attorney. Furthermore, the record establishes that this agreement provided for the Wiswells to pay to their attorney one-third of any amount of money which the attorney recovered on their behalf.

The Wiswells' attorney began settlement negotiations with Burbach's insurer, Grange Mutual Casualty Company. During the pendency of these negotiations, Shelby notified Grange that Shelby had paid $2,000 to the Wiswells and that Shelby was thereby subrogated to the Wiswells' rights against Burbach to the extent of its $2,000 payment. Grange acknowledged Shelby's claim. The Wiswells and their attorney were unaware of these communications between Shelby and Grange.

Grange insisted upon settling both the Wiswells' and Shelby's claims against Burbach at one time, with a total settlement of $9,500. The Wiswells' attorney thereafter contacted Shelby, and requested authorization to retain $666.66 of the amount to which Shelby was subrogated, *i.e.*, $2,000, on behalf of the Wiswells. The $666.66 was equal to the amount of money that the Wiswells owed to their attorney under their contingency fee agreement, when Shelby had paid them under the medical payments coverage of their policy. Shelby did not respond to the Wiswells' attorney's request.

During the settlement negotiations, Grange agreed to waive the statute of limitations as a defense to the assertion of Shelby's subrogation claim. Grange informed Shelby that Shelby's subrogation claim against Burbach would be honored in its entirety. Once again, the Wiswells and their attorney were not informed of these agreements between Shelby and Grange.

Shelby and the Wiswells agree that Grange insisted upon settling both of their claims against Burbach at the same time and that Grange did so for $9,500. The record establishes that Grange settled the Wiswells' claim against Burbach with knowledge of Shelby's subrogation claim. The record further establishes that Grange intended to satisfy Shelby's subrogation claim against Burbach with this settlement. Shelby refused to allow the Wiswells to deduct their attorney fees, court costs, and expenses from the $2,000 to which Shelby was subrogated. Thereupon, the Wiswells' attorney requested Grange to retain $2,000 of the $9,500 settlement, pend-

ing the resolution of the Wiswells' dispute with Shelby.

The Wiswells filed a declaratory judgment action against Shelby, asking the trial court to declare that the Wiswells were entitled to deduct their attorney fees, court costs, and expenses from the $2,000 to which Shelby was subrogated. Both parties moved for summary judgment. The trial court granted Shelby's motion for summary judgment, and declared that Shelby was entitled to the entire $2,000. The trial court found that Shelby had not contracted, expressly or impliedly, with the Wiswells or the Wiswells' attorney to recover from Grange the $2,000 to which Shelby was subrogated. Furthermore, the trial court found that Shelby would not be unjustly enriched by receiving the entire $2,000, primarily for the reason that Shelby had preserved its right to recover the subrogated amount from Burbach. Accordingly, the trial court denied the Wiswells' motion for summary judgment.

The Wiswells raise the following assignment of error on appeal:

"The trial court erred in granting defendant's motions [sic] for summary judgment and in denying plaintiffs' motion for summary judgment because:

"1. When an insured [sic] holds a subrogation right for medical payments made to its insured pursuant to a written policy of insurance and the insurer fails to make, or fails to offer to make itself a party to the action against the wrongdoer or in any manner to assist in the prosecution of the claim or contribute towards the expense thereof, although having full knowledge of its pendency and object — the insured is entitled to retain a proportionate share of expenses, including attorney fees, incurred in recovery from which the defendant insurer will benefit to the extent of its

subrogation claim under a *quantum meruit* theory.

"2. When an insurance company which is subrogated to its insured's medical payments claim knows that its insured wishes to settle their [sic] claim with a third-party wrongdoer and that the third-party wrongdoer will not settle without having the insured sign a full and final release, if that insurer fails to communicate with its insured as to what steps the insurer has taken to protect its rights, the insured has the right to settle both claims and have the insurer pay a proportionate share of the attorney fees and expenses of the insured's suit for protecting the insurer's subrogated claim."

In essence, the Wiswells argue that their attorney represented Shelby's interests in the settlement negotiations with Grange. They argue that their attorney is responsible for recovering the $2,000, and that justice requires that Shelby pay the fees and costs attributable to this recovery. Otherwise, the Wiswells argue, Shelby will have benefited from the services of their attorney without paying a fair share of costs and expenses.

The Wiswells have referred to our attention the case of *Krause* v. *State Farm Mut. Auto. Ins. Co.* (1969), 184 Neb. 588, 169 N.W. 2d 601. In *Krause,* the injured party/insured collected $1,350 from his insurance company (State Farm) under the collision coverage of his insurance policy. State Farm was thereby subrogated to the rights of its insured to the extent of this $1,350 payment. The insured retained an attorney to negotiate a settlement with the tortfeasor's insurer; however, State Farm did not assert its subrogation claim or otherwise assist its insured in the negotiations. The insured's attorney collected State Farm's subrogation claim from the tortfeasor's insurer.

In *Krause,* the insured's attorney sued State Farm to recover the fees associated with his settlement of State Farm's subrogation claim against the tortfeasor. The attorney's fees were to be deducted from the amount to which State Farm was subrogated, *i.e.,* $1,350. The Nebraska Supreme Court held that the attorney was entitled to recover his fees from State Farm. The court held that State Farm was responsible for representing its own subrogation claim, and that its failure to do so rendered it liable for the attorney fees associated with the settlement. Apparently, State Farm's subrogation claim against the tortfeasor could not be maintained apart from its insured's claim against the tortfeasor. Since State Farm failed to assist or participate with its insured in negotiating a settlement with the tortfeasor's insurer, State Farm was liable to its insured's attorney for his services in representing, and collecting, its subrogation claim.

Shelby argues that the *Krause* case is inapplicable to the case *sub judice.* Shelby argues that under Ohio law, an action on its subrogation claim against Burbach is maintainable separate and apart from the Wiswells' action against Burbach. Shelby argues that the Wiswells' personal injury action against Burbach is divisible, so that both Shelby and the Wiswells may maintain actions against Burbach. Shelby points out that it was not confronted with the choice of either assisting the Wiswells. in settling its subrogation claim and thereby avoiding attorney fees, or of not so assisting the Wiswells or joining in their action against Burbach and thereby becoming liable for the payment of attorney fees. We are persuaded by Shelby's argument. See *Hoosier Cas. Co.* v. *Davis* (1961), 172 Ohio St. 5, 15 O.O. 2d 45, 173 N.E. 2d 349, paragraph two of the syllabus; *Nation-wide Ins. Co.* v. *Steigerwalt* (1970), 21 Ohio St. 2d 87, 50 O.O. 2d 200, 255 N.E. 2d 570. See, also, *Smith* v. *Travelers Ins. Co.* (1977), 50 Ohio St. 2d 43, 4 O.O. 3d 114, 362 N.E. 2d 264.

We find that Shelby was not required to make itself a party to the Wiswells' civil action against Burbach. We further find that Shelby was not required to inform the Wiswells, or their attorney, that it had notified Grange of its subrogation claim or that Grange had waived the statute of limitations as a defense to Shelby's assertion of its subrogation claim in an action against Burbach.

The Wiswells executed a full release of their claims against Burbach. Grange made a single settlement of both the Wiswells' and Shelby's claims for $9,500. Grange's inclusion of the $2,000 into this single settlement does not affect Shelby's right to recover the entire $2,000. Although the Wiswells released all claims arising out of the automobile collision with Burbach, such a release in no way prejudiced Shelby's subrogation claim. This is for the reason that Grange, in its capacity as Burbach's insurer and agent, knew of Shelby's claim. See *Hoosier Cas. Co.* v. *Davis, supra,* at 9, 15 O.O. 2d at 47, 173 N.E. 2d at 352. The fact that Shelby's subrogation claim against Burbach was maintainable independently of the Wiswells' claim supports Shelby's argument that the Wiswells' attorney did not in fact collect Shelby's subrogation claim. Furthermore Shelby had preserved its right to assert its subrogation claim against Burbach. Even if Shelby incidentally benefited from the Wiswells' attorney's settlement negotiations with Grange, the Wiswells have failed to show how Shelby could have been unjustly enriched thereby. Accordingly, we find the Wiswells' claim for a portion of the amount to which Shelby

is subrogated, on a *quantum meruit* basis, to be without merit.

On consideration whereof, this court finds the Wiswells' assignment of error to be not well-taken. We hold that the trial court correctly found that there was no genuine issue as to any material fact, and that Shelby was entitled to the entire $2,000 as a matter of law. Accordingly, the judgment of the Ottawa County Court of Common Pleas is affirmed, and this case is remanded to said court for execution of judgment and assessment of costs. Costs assessed against the Wiswells.

*Judgment affirmed.*

CONNORS, P.J., HANDWORK and WILKOWSKI, JJ., concur.