HAMLER, APPELLEE; BLUE-CROSS OF CENTRAL OHIO, INC., APPELLANT, v. MARSHALL, APPELLEE.

(No. 86AP-633—Decided
December 9, 1986.)

*Matan & Smith* and *Eugene L. Matan,* for appellee Hamler.

*Luper, Wolinetz, Sheriff & Neidenthal* and *Stanley L. Myers,* for appellant Blue Cross of Central Ohio, Inc.

*Graham, Dutro & Nemeth, James L. Graham* and *Maryellen Spirito,* for appellee Marshall.

TYACK, J. On March 27, 1984, Margaret A. Hamler was seriously injured while a pedestrian when she was struck by an automobile driven by George L. Marshall. On November 4, 1984, she filed suit against Marshall. She did not join in her lawsuit Blue Cross of Central Ohio, Inc. ("Blue Cross") which apparently had paid almost $30,000 of her medical bills pursuant to a group policy provided by her employer.

Blue Cross filed a motion to intervene in the lawsuit as a party plaintiff. The trial court found that the joinder was permissive and overruled the motion. The trial court further found "Blue Cross can adequately protect its rights without prejudicing plaintiff's rights in this action."

Blue Cross has appealed this ruling, assigning the following error:

"I. The trial court erred in refusing to allow the intervention of plaintiff-appellant Blue Cross of Central Ohio, Inc.

"A. Blue Cross as subrogee is a real party in interest and therefore must be joined according to Rule 17(A) of the Ohio Rules of Civil Procedure.

"B. Blue Cross as subrogee is a necessary party required to be joined according to Rule 19(A) of the Ohio Rules of Civil Procedure.

"C. Blue Cross as subrogee may intervene as [a] matter of right according to Rule 24(A) of the Ohio Rules of Civil Procedure."

Blue Cross has assumed at all stages of the proceedings that it is a subrogee and that it has demonstrated same to the court. This assumption is open to serious question.

Blue Cross filed its motion to intervene on May 7, 1986—over two years after the injuries to Hamler and after the statute of limitations had run as to any direct action it could file. The motion filed contained no affidavits or other evidence *per se,* but had appended to it an "intervening complaint." The complaint had appended to it two pages which appear on their face to be copies of a portion of an insurance policy, but which are otherwise unmarked. The body of the memorandum to the motion alleges:

"Blue Cross is a subrogee to Plaintiff based upon a contract of insurance providing Plaintiff with accident and health insurance coverage. A copy of the subrogation provisions of that contract is attached hereto as Exhibit A."

After plaintiff Margaret Hamler filed a memorandum contra Blue Cross' motion, Blue Cross filed a response, including no affidavits or other evidence *per se,* but appending a copy of an insurance "certificate" which does not refer to Hamler but which is marked "Exhibit A," and is mentioned

in the response as being the basis for Blue Cross' rights herein.

The record reveals no hearing to receive evidence and no other evidence to support Blue Cross' allegations as to its standing to intervene in the action. Under the circumstances, no adequate demonstration of any right to intervene occurred. The bald assertion of subrogation without proof thereof does not entitle Blue Cross to participate in this lawsuit. On this basis alone the judgment of the trial court should be affirmed.

The ruling of the trial court was appropriate for additional reasons. The essence of a contract is an agreement which the law will enforce. The record before this court does not demonstrate that Hamler agreed to anything, especially repayment of funds paid by Blue Cross. The fact that Hamler's employer entered into a contract with Blue Cross does not mean that Hamler agreed to all the terms set forth in the "Major 120 Day Certificate" appended to Blue Cross' pleading. The record does not reveal whether she ever received this certificate, let alone received the certificate at such a time or in such a manner that she could be considered as agreeing to its terms. The fact that Blue Cross apparently paid almost $30,000 for Hamler's medical bills in and of itself does not give Blue Cross contractual rights to recover the funds from either Hamler or the person accused of negligently harming Hamler.

Ironically, the definition that Blue Cross has placed in its certificate for the term "Contract" further indicates that the trial court's ruling here was correct.

"Contract" is defined as follows:

"The term Contract shall mean the Identification Card currently in effect, the Application and any reclassification thereof, and this Certificate, any modification, and endorsement thereto."

In other words, the "Contract" is a collection of papers, only one of which was presented to the trial court. The document that was presented has no space provided for a "subscriber" to agree or disagree with any or all terms.

Appellant contends that, despite these defects, it is entitled to intervene, based upon an earlier memorandum decision of this court entitled *McCain* v. *Mastnick* (Nov. 10, 1983), Franklin App. No. 83AP-772, unreported. The *McCain* case was decided pursuant to App. R. 18(C). Appellees did not file briefs, so the statement of appellant (Blue Cross) as to the statement of facts and issues was deemed correct. Among the facts accepted without dispute was that Blue Cross was a subrogee to the plaintiff's rights. Memorandum decisions, because of their brevity, are not strong authority under the best of circumstances. A memorandum decision decided in reliance upon App. R. 18(C) is of less persuasive effect than other memorandum decisions, all other factors being equal. To the extent that *McCain* v. *Mastnick* has had persuasive authority, that authority is superseded by this opinion.

A second opinion of this court cited by appellant Blue Cross is *Aetna Life Ins. Co.* v. *Martinez* (1982), 7 Ohio App. 3d 178, 7 OBR 224, 454 N.E. 2d 1338. In the *Aetna* case a reimbursement agreement had been executed, so no question about Aetna's standing to join in the lawsuit was adjudicated. Instead, the case centered upon an equitable division of the proceeds in a situation where the tortfeasor did not have sufficient assets and coverage to pay the full damages incurred.

The other case citations presented by Blue Cross include *Smith* v. *Travel-*

*ers Ins. Co.* (1977), 50 Ohio St. 2d 43, 4 O.O. 3d 114, 362 N.E. 2d 264. The specific question certified to the Supreme Court of Ohio therein was:

" 'Whether a single cause of action for personal injuries may be divided to the extent that an insurer, subrogated to the medical payments claim assigned by the insured, may prosecute this claim in a separate action against the tortfeasor?' " *Id.* at 45, 4 O.O. 3d at 115, 362 N.E. 2d at 265.

The Supreme Court of Ohio has ruled that a party established as a subrogee would have the right to pursue a separate action. In the *Smith* case a separate subrogation agreement had been executed by Mrs. Smith. Thus, the threshold question of the extent and existence of the insurance company's rights was never litigated or presented for review.

Also cited by Blue Cross is *Likover* v. *Cleveland* (1978), 60 Ohio App. 2d 154, 14 O.O. 3d 125, 396 N.E. 2d 491. The syllabus of the *Likover* case reads:

"1. A trial judge does not abuse his discretion by overruling a motion to intervene which was filed after a judgment has been rendered as to the original parties and where the intervenors have alternative remedies available to them.

"2. The timeliness of a motion to intervene has two aspects: timeliness in regard to the statute of limitations and timeliness in the context of the trial proceedings."

Thus, *Likover* supports the proposition that a trial court has discretion in ruling on a motion to intervene. The case involved a situation where a real property lienholder attempted to join in an action earlier filed alleging wrongful demolition of a building. The case did not address the question of whether the lien was valid or whether the party attempting to intervene could demonstrate rights to be protected.

None of the case law cited conflicts with our resolution of the issues. Nor does Civ. R. 17(A) conflict with our holding here. Civ. R. 17(A) requires:

"Real party in interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Further, the requirements of Civ. R. 19 are not being ignored. Civ. R. 19(A) reads:

"Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas."

Simply alleging that one has contractual rights or is a subrogee does not make it so. The relationship must be established by a separate declaratory judgment action. Or, the trial court may conduct a detailed proceeding on the motion to intervene with sufficient evidence being received to establish that Blue Cross has contractual rights with the injured party that allowed Blue Cross to be considered for intervention. Once that standing has been established, then the trial court must determine if joining Blue Cross is feasible, considering all the relevant factors, including those set forth in Civ. R. 19(B). Those factors should include considerations such as prejudice to the originally named plaintiff by virtue of Blue Cross' intervention and possible presence at trial.

Under the present circumstances, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

WHITESIDE, J., concurring. The issue before us is whether intervening-plaintiff Blue Cross of Central Ohio, Inc. has an unqualified right to intervene as a plaintiff in an action brought by its insured against a tortfeasor to set forth a claim for medical expenses to which the insurer contends it is subrogated by the terms of the insurance policy. As noted in the majority opinion, the right of Blue Cross to subrogation has not been established. However, even if it were, the result would be the same.

*Smith* v. *Travelers Ins. Co.* (1977), 50 Ohio St. 2d 43, 4 O.O. 3d 114, 362 N.E. 2d 264, is relied upon by Blue Cross, but does not support its contention. Instead, the *Smith* court held that the insurer as subrogee has a separate, independent claim which it can assert against the tortfeasor and that the insured has no right to assert a claim for the subrogated medical expenses against the tortfeasor. Assuming subrogation, the effect of *Smith* is that plaintiff Hamler, the insured, no longer has a right to assert a claim against defendant for medical expenses which she has subrogated to Blue Cross. This issue is raised by defendant's answer. On the other hand, Blue Cross has no right to assert any portion of plaintiff's claim but instead as a result of the subrogation has a separate independent claim it may assert against defendant.

Accordingly, no real-party-in-interest issue pursuant to Civ. R. 17(A) is presented. Nor is there compulsory joinder under Civ. R. 19.1. However, Civ. R. 19(A)(3) could arguably apply. Since the claims would be separate and plaintiff would have no right to assert the subrogated claim against defendant, the trial court correctly considered joinder of Blue Cross to be per-

missive joinder under Civ. R. 20(A). In its discretion, the trial court declined to permit Blue Cross to join as plaintiff. No abuse of discretion has been demonstrated. Such conclusion is not inconsistent with Civ. R. 24. As indicated, Blue Cross does not have an unconditional right to intervene under Civ. R. 24(A)(1). Nor does Civ R. 24(A)(2) require granting of intervention since, in light of *Smith,* disposition of plaintiff's action cannot impair or impede Blue Cross' ability to protect its interest. Permissible intervention pursuant to Civ. R. 24(B) could be appropriate. However, it is within the discretion of the trial court whether to grant such permissive intervention. Again, no abuse of discretion has been demonstrated. Plaintiff's action had been pending some eighteen months before Blue Cross filed its motion to intervene without explanation of the reason for delay.

With these additional observations, I concur in the opinion and judgment.