**Carmen v. Madden**
*[Cite as 8 AOA 260]*

*Case No. L-89-285*

*Lucas County, (6th)*
*Decided November 9, 1990*

*Charles V. Contrada and Frances V. King, for Appellant.*

*Jack Zouhary and Jean Ann S. Sieler, for Appellees.*

This case is on appeal from a judgment of the Lucas County Court of Common Pleas in which a jury awarded appellant, Geraldine M. Carmen, $45,000[1] in damages resulting from a traffic accident.

On August 19, 1985, Geraldine Carmen was injured when a trailer, which had been attached to a truck driven by appellee, Jeffrey Madden, broke loose and careened into her car. As a result of the accident, Mrs. Carmen sustained numerous injuries requiring hospitalization. In particular, Mrs. Carmen's left arm was badly broken in several places causing her to undergo extensive orthopedic treatment. At the time of trial, approximately three years after the accident, Mrs. Carmen had not yet regained the full use of her left arm and was not expected to do so in the future according to her physician.

On July 24, 1987, Mrs. Carmen filed suit against appellees, Jeffrey and Joseph Madden. Jeffrey had been the driver of the truck as previously indicated and Joseph had attached the trailer to the truck. Subsequently, appellees admitted negligence, and the case proceeded to trial on the issue of damages only.

The trial in this case began on November 29, 1988. On that date, the court impaneled a jury, then recessed for the day at 11:20 a.m. At 2:57 that afternoon, appellees filed a motion *in limine* in which they sought to limit the jury's exposure to evidence of Mrs. Carmen's medical bills which had been paid by her insurer. Appellees argued that because Mrs. Carmen s bills (except for her deductible of $400 per year) had been paid by Blue Cross of Central Ohio, her right to recover for those bills had been subrogated to Blue Cross. Thus, as to those amounts, Mrs. Carmen was not the real party in interest.

The following day, before the trial began, the court heard in chambers the arguments of the parties regarding the motion *in limine*. The court sustained the motion. Therefore, Mrs. Carmen's counsel orally moved to have Blue Cross joined as a party plaintiff and asserted that lie had received authority from Blue Cross to represent them in this matter. The court overruled the motion to join on the grounds that the motion was not in writing nor timely filed and that the jury had already been impaneled. The court then reconvened the trial.

During the trial, Mrs. Carmen's counsel called several witnesses, including Mrs. Carmen, and questioned them about the extent of Mrs. Carmen's injuries. At no point during the trial did Mrs. Carmen's counsel attempt to introduce evidence of the subrogated medical bills which were the subject of the motion *in limine*.

At the end of plaintiff's case, defendants chose not to put forth any evidence of their own, and the case was submitted to the jury for deliberation. The jury subsequently found for Mrs. Carmen and against the Maddens in the amount of $45,000.

On February 27, 1989, Mrs. Carmen filed a motion for a new trial on the ground that the trial court failed to permit evidence of all of Mrs. Carmen's medical bills to be submitted to the jury. The trial court, in an opinion and judgment entry of August 23, 1989, denied Mrs. Carmen's motion on the ground that she had not attempted to proffer evidence of the subrogated medical bills at trial. It is from the trial court's opinion and judgment entry of August 23, 1989 and from the judgment entry following the jury trial that Mrs. Carmen has filed this timely appeal. Mrs. Carmen asserts as error the following:

"1. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW

TRIAL AND IN GRANTING APPELLEES'
MOTION *IN LIMINE.*

### "2. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO JOIN HER INSURANCE COMPANY AS A PARTY PLAINTIFF.

### "3. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A MISTRIAL."

In her first assignment of error, Mrs. Carmen asserts that the trial court erred on its ruling on the appellees' motion *in limine,* which excluded evidence of Mrs. Carmen's subrogated medical bills, and therefore erred in its refusal to grant Mrs. Carmen a new trial.

Nothing in the Ohio Rules of Civil Procedure or the Ohio Rules of Evidence provides for motions *in limine.* Such motions are, however, accepted procedural devises which direct the court's attention to certain evidence, the admissibility of which the court will be asked to rule upon at trial. The Supreme Court of Ohio in *State v. Maurer* (1984), 15 Ohio St. 3d 239, fn. 14, certiorari denied (1985), 472 U.S. 1012, rehearing denied (1985), 473 U.S. 924, cited with approval the following language from Palmer, *Ohio Rules of Evidence, Rules Manual* (1984), 446, explaining the use and purpose of motions *in limine:*

"A motion *in limine* may be used in two different ways. First, it may be used as the equivalent of a motion to suppress evidence, which is either not competent or improper because of some unusual circumstance. Second, it may be used as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. It is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside of the presence of the jury. *The sustaining of a motion in limine does not determine the admissibility of the evidence to which it is directed. Rather it is only a preliminary interlocutory order precluding questions being asked in a certain area until the court can determine from the total circumstances of the case wheth-* er the evidence would be admissible. When sustained, losing counsel should make a proffer of the otherwise excluded evidence at the proper time during the trial and have a second determination or hearing by the court as to its admissibility.***

"Although extremely useful as a trial technique, *the ruling in a motion in limine does not preserve the record on appeal.* The ruling is as [sic] tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. *An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial."* (Emphasis added.)

In the trial below, Mrs. Carmen's counsel made no attempt to proffer the subrogated medical bills so that the court could make an evidentiary ruling on the record in the trial. Therefore, appellant did not preserve her right to challenge on appeal the court's ruling on the motion *in limine.*

Appellant argues that the trial court's ruling on the motion *in limine* was equivalent to the granting of a motion to suppress, thereby precluding appellant from attempting to proffer evidence of the subrogated medical bills. We find this argument to be without merit. Although, as stated *supra,* the Supreme Court of Ohio has cited with approval the above quoted passage which identifies two uses for a motion *in limine,* the motion can be used in both civil and criminal cases. See, *e.g., State v. Davidson* (1985), 17 Ohio St. 3d 132, *State v. Maurer, supra.* Because there is no provision in the civil rules for motions to suppress, such motions are not appropriate in civil cases. Crim. R. 12(B) does provide for motions to suppress in criminal cases. Thus, the logical interpretation of the above quoted passage is that a motion *in limine* can be used in criminal cases as the equivalent of a motion to suppress.

In the case before us, for the appellant to construe the trial court's granting of the motion *in limine* as the granting of a motion to suppress is erroneous. Once a motion *in limine* has been granted, it is the responsibility of the party against whom the motion was granted, to attempt to proffer the excluded evidence at trial. This, appellant failed to do.

Therefore, she has not preserved her right to challenge the ruling on appeal. Further. the trial court's denial of her motion for a new trial cannot be properly challenged.

Accordingly, appellant's first assignment of error is found not well-taken.

In her second assignment of error, Mrs. Carmen asserts that the trial court erred in denying her motion to join Blue Cross of Central Ohio as a party plaintiff.

As stated previously, after the court granted appellees' motion *in limine* as to the subrogated medical bills, Mrs. Carmen's counsel asserted that he had the authority to represent Blue Cross in the action and orally moved to have Blue Cross joined as a party plaintiff. Mrs. Carmen's counsel was attempting to find some way in which the amount of Mrs. Carmen's subrogated medical bills could come before the jury. The trial court denied the motion, stating that it was not in writing or timely filed.

The Supreme Court of Ohio, in *Smith v. Travelers Ins. Co.* (1977), 50 Ohio St. 2d 43, held that an insurer, subrogated to the medical payments claim assigned by the insured, has a separate independent claim which it can assert against the tortfeasor in a separate action, and the insured has no right to assert a claim for those subrogated medical expenses in her action against the tortfeasor. Thus, as to those subrogated medical expenses, the insurer-subrogee is the real party in interest in an action to recover for those expenses.

In the case before us, Mrs. Carmen had no right to recover for the subrogated medical expenses, and Blue Cross possessed only a right to recover for the subrogated medical expenses. Thus, Blue Cross was not required to be joined under either Civ. R. 19(A) nor Civ. R. 19.1, and the trial judge properly addressed appellant's motion under Civ. R. 20(A), permissive joinder. Such joinder is left to the discretion of the trial judge, whose determination will not be reversed on appeal absent a showing of abuse of discretion. See, *Hamler v. Marshall* (1986), 34 Ohio App. 3d 306, 310-311, Whiteside, J., concurring. Mrs. Carmen has not demonstrated to us, nor do we see, how the trial court in this case abused its discretion by denying Mrs. Carmen's motion to join Blue Cross as a party plaintiff.

Because Mrs. Carmen's counsel also asserted that he represented Blue Cross, the trial court could also have,viewed the motion as one to intervene under Civ. R. 24. However,. Civ. R. 24(C) specifies that any motion to intervene must be in writing. In this action, the motion was made orally on the record; however, it was not made in writing as required: "Thus, the trial court properly denied the motion on the ground that it was not in writing, in addition to the timeliness of the request."

Accordingly, appellant's second assignment of error is found not well-taken.

In her third and final assignment of error, Mrs. Carmen asserts that the trial court's denial of her motion for a mistrial was in error.

The official record before this court indicates that it was appellees' counsel, not Mrs. Carmen's counsel who made the motion for a mistrial. The transcript reveals that on the morning of November 30, 1988, during the hearing on the motion *in limine,* the following discussion took place in the court's chambers:

"MR. CONTRADA. Note my objection to the Court's ruling excluding medical bills except what was the $400 co-pay by my Plaintiff.

"MR. ZOUHARY. I believe -- this is for the record, I would like to make a motion for mistrial, and I think this was brought up at such a late date by the Plaintiffs, and that's all noted for the record."

Mrs. Carmen's counsel, Mr. Contrada asserts that it was he, not appellees' counsel, Mr. Zouhary, who made the motion for a mistrial. App. R. 9(E) provides a procedure to follow in cases where the official trial transcript does not conform to the truth. That rule provides in part:

"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and that record made to conform to the truth."

Appellant has not followed this procedure, thus, we must assume that the official transcript of the trial court proceedings accurately reflects that which occurred.

Accordingly, because there is no official record indicating that Mrs. Carmen's counsel made a motion for a mistrial, appellant's third assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

HANDWORK, P.J., and GLASSER, J., concur.

ABOOD, J., dissents.

---

[1] This award was subsequently reduced to $12,500 pursuant to a stipulation that settlements by other defendants totalling $28,500 and advances of $4,000 be set off from any verdict against the Madden-defendants.