OPINION
Appellant Brenda Toney appeals a summary judgment of the Stark County Common Pleas Court dismissing her complaint for payment of medical expenses under a policy of insurance issued by appellee, Cincinnati Insurance Company:
 ASSIGNMENTS OF ERROR:
I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN INTERPRETING THE LANGUAGE OF DEFENDANT AUTOMOBILE INSURANCE COMPANY'S SUBROGATION CLAUSE AS CREATING A PRESENT RIGHT OF SUBROGATION WHERE, FROM THE FOUR CORNERS OF THE POLICY, IT IS CLEAR THAT DEFENDANT'S SUBROGATION RIGHT IS CONTINGENT UPON PAYMENT OF MEDICAL BENEFITS UNDER THE POLICY.
II. THE TRIAL COURT ERRED IN FINDING DEFENDANT AUTOMOBILE INSURANCE COMPANY HAD A PRESENT EQUITABLE RIGHT OF SUBROGATION WHERE THE INSURANCE POLICY CONTAINED AN EXPRESS SUBROGATION CLAUSE.
III. ASSUMING, ARGUENDO, DEFENDANT AUTOMOBILE INSURANCE COMPANY HAD AN EQUITABLE RIGHT OF SUBROGATION THAT ACCRUED AT THE TIME OF PLAINTIFF'S ACCIDENT, PLAINTIFF'S RELEASE OF THE TORTFEASOR DID NOT PREJUDICE DEFENDANT'S RIGHT OF RECOVERY.
The facts in the instant case are undisputed. Appellant was injured in an automobile accident on May 9, 1998. The driver of the other automobile was cited for failing to stop at a stop sign. On the night of the crash, appellant was treated at Aultman Hospital, and diagnosed with cervical strain. She subsequently was treated by Dr. Dennis Glazer, who also diagnosed cervical strain. Medical bills for these visits were paid by appellee, and reimbursed by the tortfeasor's insurance company. At the time of the accident, appellant held an automobile insurance policy issued by appellee. The policy provided for medical payments in the amount of $5,000. Under the medical payments coverage provision of the policy, appellee paid $186 for the above-mentioned medical bills. On June 1, 1998, appellant settled with State Farm Insurance Company, the tortfeasor's insurance carrier. At that time, she believed she was suffering from cervical strain only. State Farm agreed to pay $8,500, with an additional $3,000 available for medical expenses arising after execution of the settlement agreement. After executing the settlement agreement, appellant experienced increased back pain. She sought treatment from Dr. J. C. Tabet, who diagnosed a herniated disc. Appellant underwent surgery, incurring medical bills totaling over $20,000. Appellant submitted a claim to State Farm for the remaining $3,000 under the settlement agreement. She also submitted a claim for the remaining medical payments coverage to appellee, by letter dated August 15, 1998. Appellee denied the claim on the basis that appellant had breached the terms of the insurance policy by entering a settlement agreement with the tortfeasor, which prejudiced their rights to receive reimbursement upon subrogation. Appellant then filed the instant action in the Stark County Common Pleas Court, seeking medical payments pursuant to the policy. Upon cross-motions for summary judgment, the court entered judgment in favor of appellee, finding that by settling with the tortfeasor, appellant had extinguished her right to receive further medical payments pursuant to the terms of the policy.
 I.
Appellant argues that under the language of the policy, appellee's right of subrogation is contingent upon prior payment of medical bill. Appellant argues that because appellee did not make such payment, appellee had no right of subrogation at the time appellant entered the settlement and, therefore, did not prejudice appellee's rights to receive reimbursement. The policy provides in pertinent part:
OUR RIGHT TO RECOVER PAYMENT
A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right.
That person shall do:
1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them.
* * *
 B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
1. Hold in trust for us the proceeds of the recovery; and
2. Reimburse us to the extend of our payment.
Further, on May 20, 1998, after submitting a claim for medical payments coverage in the amount of $186, appellant executed a document which provided: ". . . The undersigned warrants that no settlement has been made by the undersigned, nor any judgment taken against party, person, persons, property or corporation against whom a claim may lie, and no release has been given to anyone responsible for the loss, and that no such settlement will be made nor release given nor judgment taken by the undersigned without the written consent of said company.
The undersigned further warrants that in the event that a settlement is made, or a release given, or his/her claim is prosecuted to judgment against any person or organization legally liable for such bodily injuries, then The Cincinnati Insurance Company/The Cincinnati Indemnity Company/The Cincinnati Casualty Company will be fully reimbursed out of said sum in the amount of the payments outlined above . . ."
We disagree with appellant's position that the plain language of the insurance contract makes payment a condition precedent to the insured's duty to protect any potential subrogation rights. A right of subrogation is a full and present right in and of itself wholly independent of whether a later judgment obtained by such right will be reduced to collection from the tortfeasor. Bogan vs. Progressive Casualty Insurance Company (1988), 36 Ohio St.3d 22,31. Such right constitutes a real and existing right at any time the injured insured is in a position to release a liable party from its liability. Id. Therefore, it is reasonable that an insurer require, as a precondition to coverage, not that such subrogation rights necessarily will result in reimbursement to the insurer, but that the injured party not compromise with the tortfeasor in such a way as to destroy the insurer's subrogation right. Id. While pursuant to the terms of the policy at issue, appellee could not recover medical expenses from the tortfeasor until such expenses were paid to the insured, the duty of the insured to protect the subrogation rights of the insured is not conditioned on prior payment. To so hold would render the subrogation clause a nullity. The first Assignment of Error is overruled.
 II.
Appellant argues that because the policy clearly did not give appellee a right of subrogation at the time of the settlement, the court must have found a present equitable right of subrogation. Appellant argues that such right exists solely where the policy does not contain a subrogation clause. As we have held in Assignment of Error I. above that the policy did not require prior payment as a precondition to appellant's duty not to settle with the tortfeasor, the second Assignment of Error is rendered moot. The second Assignment of Error is overruled.
 III.
Appellant argues that the release in the instant case did not prejudice appellee's rights, as appellee still had an equitable right to collect from the tortfeasor. Appellant relies on Smith vs. Travelers Insurance Company (1977), 50 Ohio St.2d 43, for this proposition. Appellant's reliance on Smith is misplaced. In the Smith case, the issue was whether a cause of action for personal injury may be divided to the extent that an insurer, subrogated to the medical payments claim assigned by the insured, may prosecute this claim in a separate action against the tortfeasor. Id. at 45. The court held in the affirmative, concluding that upon assignment of such interest, the subrogee becomes a real party in interest, and has the right to maintain an action in its own name against the tortfeasor for damages. Id. Smith does not hold that where the insured has settled and released the tortfeasor from liability, the insurer may, nonetheless, recover payments made to the insured. Rather, under Ohio law, an insured may not settle with a tortfeasor, giving a general release, and then collect medical expenses against his own insurer when there is a subrogation clause for such payments since, in so doing, the insurer's right of subrogation is destroyed. American States Insurance Company vs. Fletcher (1990), 69 Ohio App.3d 598. The third Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, V.J. Gwin, P.J. and Farmer, J. concur.