DECISION AND JUDGMENT ENTRY
This is an appeal from an interpleader action in which the Portsmouth Municipal Court entered judgment against Defendant-Appellant Grange Mutual Casualty Company. Appellant presents two assignments of error for our review.
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DECISION AND JUDGMENT FINDING THAT IT WAS NECESSARY FOR GRANGE MUTUAL CASUALTY COMPANY TO OBTAIN AN EXECUTED SUBROGATION AGREEMENT FROM PAULETTE SOWARDS, AS PARENT OF KAYLA [SIC] SOWARDS, IN ORDER FOR A RIGHT OF REIMBURSEMENT TO EXIST FOR MEDICAL BENEFITS PAID PURSUANT TO A CONTRACT OF INSURANCE.
ASSIGNMENT OF ERROR NO 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DECISION AND JUDGMENT AWARDING TO JOHN THATCHER FUNDS RECEIVED FROM THE TORTFEASOR'S INSURANCE CARRIER, SAID FUNDS REPRESENTING COMPENSATION FOR MEDICAL EXPENSES INCURRED BY KAYLA [SIC] SOWARDS, AND PREVIOUSLY PAID FOR BY GRANGE MUTUAL CASUALTY COMPANY.
Appellee has chosen not to file a brief in this appeal. As a consequence of the appellee's failure to file, we shall accept the appellant's statement of facts as correct. App.R. 18 (C). In addition, we may "reverse the judgment if appellant's brief reasonably appears to sustain such action." Id.
On May 16, 1996, Kala Sowards, a minor, was injured in an automobile accident that was caused by the negligence of Katherine Graf. At the time of the accident, Kala was a passenger in a car owned by David and Brenda Campbell. The Campbells were covered by an automobile insurance policy issued by the appellant. The policy provided that the appellant would pay reasonable medical expenses incurred by an insured as a result of bodily injury to the insured that was caused by an accident. For purposes of medical payments, the term "insured" included any person "occupying [the] covered auto."
Pursuant to the medical payments provision of the Campbell's policy, the appellant paid $1,585.54 for Kala's medical expenses. Subsequently, Paulette Sowards, Kala's mother, retained attorney John Thatcher to pursue a personal injury action against Graf. Appellant contacted Graf's insurance carrier, State Auto Insurance, and asserted a right to reimbursement for its payments on behalf of Kala out of any settlement between Sowards and Graf. Thatcher eventually reached a settlement with State Auto for an amount that is not disclosed in the record.
State Auto issued a portion of the settlement amount, $1,585.54, to Thatcher and the appellant jointly in satisfaction of the appellant's reimbursement claim. Unsure of the validity of the appellant's claim, Thatcher held this portion of the settlement proceeds and filed an interpleader action to determine whether the appellant or Sowards was entitled to receive the money.
The trial court ordered the $1,585.54 deposited in an interest-bearing account pending the outcome of the litigation. Appellant filed a motion to dismiss, arguing that it had a clear right to subrogation under the insurance policy. The parties stipulated that there were no issues that would require a hearing, and they agreed to submit the matter to the trial court for decision on their briefs. The trial court found that the appellant had failed to require Sowards to sign a separate subrogation agreement prior to paying Kala's medical expenses. Accordingly, the trial court rendered judgment for Thatcher.[2]
 I.
Appellant's First Assignment of Error alleges that the trial court erred as a matter of law in finding that the appellant was required to execute a separate subrogation agreement with Sowards in order to preserve its right to reimbursement for Kala's medical expenses. Appellant contends that Kala was an intended third-party beneficiary of the insurance contract between itself and the Campbells. Because Kala benefited from the medical payments section of the policy, the appellant argues that the policy provisions requiring the insured to reimburse the appellant out of any funds that the insured recovers from a tortfeasor also bind her.
Someone who is not a party to a contract may have enforceable rights under the contract if that person is an intended third-party beneficiary. Hill v. Sonitrol of Southwestern Ohio,Inc. (1988), 36 Ohio St.3d 36, 521 N.E.2d 780. It is not enough that the third party receives some incidental benefit as a result of the contract. Rather, the promisee must intend for the third party to receive a benefit from performance of the contract. Id.
The contract does not have to name the third-party beneficiary, as long as "the third person is in the contemplation of the parties." Hines v. Amole (1982), 4 Ohio App.3d 263, 268,448 N.E.2d 473, 479.
Appellant cites Chitlik v. Allstate Ins. Co. (1973), 34 Ohio App.2d 193,299 N.E.2d 295, in support of its argument that Kala is an intended third-party beneficiary of the Campbells' insurance policy. The Chitlik court, however, was of the opinion that, absent a statute or specific provision in the policy, liability insurance policies are not meant to benefit third persons. The court reasoned that the contract is meant to benefit the insured, "not someone whom he injures." Id. at 197,299 N.E.2d at 298.
Chitlik is distinguishable from the case at bar because the plaintiff in Chitlik attempted to proceed directly against the insurance company without obtaining a judgment against its insured, the alleged tortfeasor. In holding that the plaintiff must first obtain a judgment against the tortfeasor, the Chitlik
court relied in part on the fact that the insurance company's liability was secondary to that of its insured. In the instant case, Kala is included as an insured under the Campbell's policy for purposes of the medical payments provision. The appellant's responsibility for Kala's medical expenses is not contingent upon the Campbell's liability for the accident.
We find that Kala is an intended third-party beneficiary of the Campbells' insurance policy with the appellant. As with any insurance policy, the primary purpose of the Campbells' policy is to protect the Campbells from the financial burdens that often accompany a car accident. This protection, however, applies to any insured under the policy, not simply the Campbells. Specifically, for purposes of the medical payments provision, the term "insured" includes any occupant of the Campbells' automobile. This broad definition of "insured" shows a clear intent on the part of the appellant and the Campbells to confer the benefits of the policy upon any passenger in the Campbells' car, including Kala. See Fawn v. Heritage Mut. Ins. Co. (June 30, 1997), Franklin App. No. 96APE12-1678, unreported.
An intended third-party beneficiary cannot receive a greater benefit than that provided for in the contract. Ohio Savings Bankv. V.H. Vokes Co. (1989), 54 Ohio App.3d 68, 560 N.E.2d 1328. Appellant paid Sowards for Kala's medical expenses in spite of the fact that the Campbells were not responsible for Kala's injuries. By accepting the benefits of the insurance policy, Sowards necessarily accepted the burdens as well. Fawn. Appellant was not required to execute a separate agreement with Sowards in order to protect its right to reimbursement. We find, therefore, that the trial court erred in finding in favor of Sowards and against the appellant.
Appellant's First Assignment of Error is SUSTAINED.
 II.
Appellant's Second Assignment of Error essentially argues that Thatcher is not entitled to collect his attorney fees out of the settlement award obtained from the tortfeasor. The appellant relies on Wiswell v. Shelby Mutual Ins. Co. (1986), 33 Ohio App.3d 297,515 N.E.2d 1214, where the court held that an insurance company that preserves its right to subrogation in a claim of its insured against an alleged tortfeasor is not responsible for paying attorney fees out of its share of any settlement proceeds. Under Ohio law, the insurance company may maintain its subrogation claim independently of its insured's claim. The Wiswell court reasoned that, as long as the insurance company preserves its subrogation rights by notifying the tortfeasor's insurance carrier of its claim, the company is not unjustly enriched by collecting on its claim out of its insured's settlement.
In contrast to Wiswell, the court in Gaier v. Midwestern Group(1991), 76 Ohio App.3d 334, 601 N.E.2d 624, recognized that an insurance company could be unjustly enriched by relying on the actions of its insured's attorney to collect on its subrogation claim. A claim for unjust enrichment is valid when "one person, through his efforts, produces a benefit for another under circumstances in which it would be inequitable to permit the person benefited to retain the full value thereof without some compensation to the person producing the benefit." Id. at 338,601 N.E.2d at 627. The court noted that the insurance company did benefit from the services performed by its insured's attorneys. However, the insured's attorneys collected a fee of over $38,000 out of the total settlement award. Therefore, the court found that the attorneys had not suffered a substantial detriment, and it was not inequitable for the insurance company to escape paying a portion of the attorney fees.
We disagree with the conclusions of the Wiswell and Gaier
courts. Under these cases, an insurance carrier can essentially write a single letter to protect its subrogation claim and then rely on the efforts of its insured's attorney to collect the full amount of its claim without being liable for any fees to that attorney. Both courts recognized that the insurance carrier's right to subrogation is a separate claim from that of the insured. Nevertheless, both courts found that it was equitable to allow the insurance company to reap the benefits of the efforts of its insured's attorney without paying its share of the attorney's fee.
In its First Assigmnent of Error, the appellant argues that Sowards cannot accept the benefits of the insurance policy without accepting the burdens as well. In its next breath, the appellant claims that it is entitled to reap the benefits of the settlement negotiated by Thatcher without shouldering the commensurate burden, payment of a reasonable fee for Thatcher's services. Appellant was free to pursue its own claim against Graf for repayment of the medical expenses that it paid on behalf of Kala. Instead, it chose to rely on Sowards to pursue both claims against Graf. Equity demands that the appellant pay a reasonable fee for the benefit it received.
Appellant's Second Assignment of Error is OVERRULED.
The judgment of the trial court is REVERSED. This case is REMANDED on the attorney fee issue with instructions to enter judgment in favor of the appellant in the amount of $1,585.54, less a reasonable attorney fee to Mr. Thatcher to be determined by the trial court.
REVERSED AND REMANDED.
[2] The trial court's judgment entry found in favor of the plaintiff, John Thatcher. Technically, this was an error because Thatcher did not claim a right to the settlement proceeds himself, but rather was asking the trial court to determine which of the two defendants was entitled to the money. It is clear, however, that the trial court intended to find in favor of Sowards and against the appellant.