[Cite as *Lamosek v. Buss*, 2013-Ohio-5842.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| IRENE LAMOSEK, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2013-T-0015** |
| AHLAM BUSS, | : | |
| Defendant, | : | |
| STATE FARM INSURANCE, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 2475.

Judgment: Affirmed.


*Michael D. Rossi*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiffs-Appellants).

*Andrew C. Stebbins* and *Patrick J. O'Malley*, Keis George, LLP, 55 Public Square, #800, Cleveland, OH 44113 (For Defendant-Appellee).


COLLEEN MARY O'TOOLE, J.

{¶1}  Irene and Daniel Lamosek appeal from a summary judgment rendered in favor of State Farm Mutual Automobile Insurance Company.  On November 12, 2009, the Lamoseks were involved in an automobile accident with Ahlam Buss.  At the time of the accident, the Lamoseks were insured by State Farm.  Mr. Buss was insured by

Geico General Insurance Co. The Lamoseks filed their initial complaint against Mr. Buss on November 4, 2011.

{¶2} The Lamoseks' automobile insurance policy with State Farm contained medical payments coverage. Irene Lamosek sustained injuries in the accident which required medical treatment. The Lamoseks submitted medical bills to State Farm which paid to them, or on their behalf, $5,000. Under its policy, State Farm asserted a subrogated interest against the medical expenses portion of Irene Lamosek's recovery.

{¶3} The Lamoseks filed an amended complaint on May 22, 2012, adding State Farm as a defendant. They alleged in the amended complaint that their rights were subject to an attorney contingent-fee representation agreement and that State Farm was likewise subject to the agreement. The Lamoseks asserted that State Farm was trying to avoid its subrogated responsibilities through inter-company arbitration with Geico.

{¶4} The tort case between the Lamoseks and Mr. Buss settled prior to trial. The Lamoseks and State Farm both filed motions for summary judgment regarding the subrogation issue. The Lamoseks argued that as subrogee, State Farm was subject to the costs of their right of recovery against Mr. Buss. The Lamoseks argued that State Farm was required to bear the costs of recovery (33 percent) as outlined in their contingent-fee contract, not as a matter of equity or unjust enrichment, "but of subrogation, qua subrogation." They argued that State Farm stands in the shoes of its insured and is subject to the same costs of the insured.

{¶5} In its cross-motion for summary judgment, State Farm argued that, regardless of the legal theory used, their subrogated recovery was not subject to the

contingent-fee agreement. State Farm averred that Ohio law is clear that insurers are not subject to the costs of counsel when their insured's enter into contingency agreements. The trial court granted State Farm's motion for summary judgment holding that there is "no authority to support compelling State Farm to be bound to a contingency fee agreement that it never executed."

**{¶6}** The Lamoseks filed a timely appeal, asserting a sole assignment of error:

**{¶7}** "On cross-motions for summary judgment, the trial court erred in entering judgments in favor of Appellee State Farm against Appellants Lamosek."

**{¶8}** "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, * * *(1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

**{¶9}** "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121, * * *(1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, * * *(1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003 Ohio 6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence

3

presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, * * *(1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996 * * *(1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶10} The Lamoseks state that the issue in this case is whether State Farm may enjoy its derivative right of recovery without regard for the costs to its insureds of obtaining that recovery. The Lamoseks claim this issue is distinguishable from those raised in *Gaier v. Midwestern Group,* 76 Ohio App.3d 334, 337-339 (2d Dist.1991) and *Wiswell v. Shelby Mut. Ins. Co.*, 33 Ohio App.3d 297, 300-301 (6th Dist.1986) as they are not raising a claim in equity or of unjust enrichment. They argue that as a subrogated insurer, State Farm stands in the place of its insureds and has no greater right to recovery than that of its insureds. *Physicians Ins. Co. v. Univ. of Cincinnati Hosp. Aring Neurological Inst.,* 146 Ohio App.3d 685, 690 (10th Dist.2001). The Lamoseks maintain that State Farm must bear the same costs they did in enforcing their right to recover against the tortfeasor.

{¶11} While it is true that as a subrogated insurer State Farm has no greater right to recovery than its insured, appellants' policy provides that "if any injured **person** to or for whom we have made payment recovers from any liable party, that injured **person** shall hold in trust for us the proceeds of the recovery and reimburse us to the extent of our payments * * *." (Emphasis sic). The Lamoseks were paid a settlement by Geico for, among other items, medical payments. Thus, they had a contractual

4

obligation to reimburse State Farm $5,000 out of their recovery from Geico. The obligation to reimburse State Farm was to reimburse the entire amount, regardless of the amount of the settlement or the cost of obtaining the settlement. *Gaier* at 338.

{¶12} Additionally, an insured is not entitled to deduct attorney's fees from the amount to which the insurer is subrogated when the insurer has preserved its right to recover the amount paid to the insured under the medical-payments provision of the policy. *Wiswell* at 298, 300-301. Here, State Farm notified Geico of its subrogation claim prior to the settlement of the lawsuit; thus its right to subrogation was protected regardless of the settlement between the Lamoseks and Mr. Buss. *See, e.g., Peterson v. Ohio Farmers Ins. Co.*, 175 Ohio St. 34 (1963); *Motorists Mut. Ins. Co. v. Gerson*, 113 Ohio App. 321 (9th Dist.1960).

{¶13} For the foregoing reasons, appellants' sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. The court finds there were reasonable grounds for this appeal.

THOMAS R. WRIGHT, J., concurs,

TIMOTHY P. CANNON, P.J., concurs in judgment only with a Concurring Opinion.

_____

TIMOTHY P. CANNON, P.J., concurring in judgment only.

{¶14} I concur in the judgment of the majority, affirming the decision of the trial court. I do so primarily because State Farm was joined in this action as a party and was put in the position of having to set up and present its subrogation claim. Under certain

5

circumstances, I believe it is completely appropriate to allow payment of fees to an attorney representing an injured victim based on the amount of subrogated money recovered, because the subrogated insurer cannot obtain rights greater than the injured victim.  When an injured victim must pay to recover the money, the subrogated insurer should not be able to require that the injured party also pay to collect the insurer's money.

{¶15}  The policy at issue in this case states:  "If the person to or for whom we make payment recovers from any party liable for the bodily injury, that person shall hold in trust for us the *proceeds* of the recovery, and reimburse us to the *extent* of our payment."  (Emphasis added.)

{¶16}  The *proceeds* of the injured party's recovery are only two-thirds of the amount paid by the subrogated carrier.  This is the *extent* of the payment recovered by the insured.  Therefore, because the subrogated insurer cannot get rights *greater* than the injured party, the recovery should be limited to the net proceeds the injured party was able to recover.  It is insignificant that the subrogated insurer was not a party to the contingent fee agreement.  If full recovery is sought in the name of the injured party and the recovery is achieved due to counsel's efforts, the *proceeds* are the net amount paid to the insured after payment of fees and expenses.

{¶17}  According to appellee, not only should the injured party return the *entire* subrogated amount she paid someone to collect, the payment should come out of the proceeds of money to which the *injured party* was otherwise entitled.  If this result occurred in all cases, it would be unjust and inequitable.  According to its argument, the subrogated insurer, whose claim is contingent on that of the injured party, should be

able to recover 100 percent of its loss. The injured party, however, recovers only a small fraction of his or her claim, because after payment of attorney fees and expenses to recover *all* damages, there is little left.

{¶18} In this case, it is not clear from the record that the subrogated insurer sat on the sidelines and let the injured party do all the required work to effect recovery. In fact, it appears that because the insurer was actually named as a party to the suit, it was forced to obtain counsel and set up its own claim. Therefore, any recovery obtained by the subrogated insurer would have included whatever fees it arranged for its own counsel. As a result, on the particular facts of this case, I would affirm the judgment of the trial court.